UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>            v.<br><br>URIEL GUERRERO PIZANO and SHAWN THRASH,<br><br>                    Defendants, | No. 2:19-cv-01198-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Plaintiff Northfield Insurance Company's ("Plaintiff") Motion for Partial Summary Judgment. (ECF No. 9.) Defendant Uriel Guerrero Pizano ("Defendant") filed an opposition.[1] (ECF No. 17.) Plaintiff replied. (ECF No. 18.) For the reasons set forth below, the Court GRANTS Plaintiff's Motion for Partial Summary Judgment.

///

---

[1] Defendant Shawn Thrash ("Thrash") has not appeared in this action and does not oppose the instant motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of a dispute between the parties over whether Plaintiff has a duty to defend and indemnify Defendant in an underlying action in Solano County Superior Court. (ECF No. 1 ¶¶ 15, 26–28, 32–34; ECF No. 17 at 7.) On March 13, 2019, Diane Kellam ("Kellam") filed a lawsuit in Solano County Superior Court against Defendant and Thrash, alleging Thrash hit Kellam with Thrash's vehicle while Kellam was using a pedestrian crosswalk.[2] (ECF No. 16 at 168.) Kellam alleges Thrash was employed by Defendant and acting within the scope of her employment at the time of the accident. (*Id.* at 167–68.) At the time Thrash allegedly struck Kellam, Plaintiff provided commercial insurance to Defendant under Policy Number WS354101.[3] (ECF No. 9-2 at 2; ECF No. 16 at 5–137.)

Plaintiff filed this action on June 28, 2019, seeking: (1) declaratory judgment it has no duty to defend; (2) declaratory judgment it has no duty to indemnify; and (3) reimbursement of defense fees paid. (ECF No. 1.) On Plaintiff's motion, the Court issued default judgment against Thrash on September 13, 2019. (ECF No. 12.) Plaintiff filed the instant motion against Defendant as to Plaintiff's first two causes of action on September 5, 2019. (ECF No. 9-1 at 5 & n.1.)

**II.    STANDARD OF LAW**

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the

---

[2] Defendant formally disputes this fact as it is stated in Plaintiff's Separate Statement of Undisputed Facts. (ECF No. 17-1 at 10.) However, Defendant requests that the Court consider a draft of an amended complaint Kellam allegedly intends to file in the same state court action. (ECF No. 17-2 at 2.) By doing so, he acknowledges such an action exists. In addition, and as discussed below, the Court takes judicial notice of the state court action and the allegations made in Kellam's complaint. Therefore, the Court will not consider the allegations Kellam makes in the Superior Court complaint disputed.

[3] Although Defendant objects to the admissibility of the insurance policy, he does not dispute the existence of the policy. (*See* ECF No. 17-1 at 2.)

district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 251–52.

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is enough that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Federal Rule of Civil Procedure ("Rule") 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the

1    facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S.
2    at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
3    obligation to produce a factual predicate from which the inference may be drawn. *Richards v.*
4    *Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir.
5    1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party
6    "must do more than simply show that there is some metaphysical doubt as to the material facts."
7    *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead
8    a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. at
9    587.

10   **III.    ANALYSIS**

11       Plaintiff seeks summary judgment as to its first two claims.  (ECF No. 9-1 at 5.)  Plaintiff
12   argues the commercial insurance policy between the parties does not cover the Thrash-Kellam
13   accident and the resulting Solano County action for two reasons: (1) the alleged collision did not
14   happen at Defendant's bar — the "scheduled premises" under the policy; and (2) the alleged
15   collision involved the use of an automobile, which is excluded under the policy.  (*Id.*)  In
16   opposition, Defendant argues the policy covers the underlying action, a genuine issue of material
17   facts exists, and Plaintiff failed to carry its burden.  (ECF No. 17.)  Specifically, Defendant argues
18   the policy covered the Thrash-Kellam collision because the accident was "appurtenant to" the bar,
19   Thrash's bar-related activities were covered, and a proposed first amended complaint ("Proposed
20   FAC") in the underlying state court action will change Thrash's status as an insured under the
21   policy.  (*Id.* at 5–6.)  Defendant also objects to Plaintiff's evidence and requests time to conduct
22   discovery pursuant to Rule 56(d).  (*Id.*)  In reply, Plaintiff argues Defendant's interpretation of the
23   policy is meritless, the auto exclusion applies to the Proposed FAC, and the precise location of
24   the accident is not material.  (ECF No. 18.)

25       The Court will first address Plaintiff's request for judicial notice (ECF No. 9-4) and the
26   parties' objections to each other's evidence (ECF Nos. 17-1, 18-1, 18-2) before addressing the
27   merits of the parties' arguments.  Because the Court finds the policy exempts coverage for the
28   underlying action under the auto exclusion, it does not reach the parties' arguments regarding the

scope of coverage.

A. <u>Request for Judicial Notice</u>

Plaintiff requests the Court take judicial notice of: (1) the complaint Kellam filed in the Solano County Superior Court action; (2) Traffic Collision Report number 19-1287 prepared by Officer David McLaughlin of the Vallejo Police Department; and (3) a Google Map image of the area surrounding Defendant's bar, indicating the approximate distance between the bar and the intersection where the accident allegedly occurred.  (ECF No. 9-4.)  Defendant objects to Plaintiff's requests to take judicial notice of the traffic collision report and the Google Maps image.  (ECF No. 17-1 at 23–24.)  Defendant objects to the complaint but only as offered as an attachment to Plaintiff's employee's declaration.  (*See, e.g.*, *id.*)  As the Court does not reach the issue of where the accident took place, it need not consider whether to take notice of the traffic collision report and Google Maps image.

"[A] court may take judicial notice of a judicial or administrative proceeding which has a direct relation to the matters at issue . . . ."  *U.S. v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (internal quotation marks omitted); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  The copy of the complaint Plaintiff provided the Court is file stamped by the Deputy Clerk of the Superior Court, and Defendant does not challenge its authenticity.  (ECF No. 16 at 139; ECF No. 17-1 at 10–18, 23.)  The action between Kellam, Defendant, and Thrash is related to the instant action.  Therefore, the Court takes judicial notice of the existence of the complaint filed in Solano Superior Court case number FCS052507 and the existence of the allegations made therein.  (ECF No. 16 at 139–45.)

B. <u>Evidentiary Objections</u>

Plaintiff submitted, as evidence, a copy of the insurance policy submitted with the declaration of Laura Frost, Plaintiff's employee.  (ECF No. 16 at 4–137.)  Defendant objects to the copy of the insurance policy (ECF No. 17-1 at 2–9), arguing Plaintiff failed to submit evidence of Ms. Frost's personal knowledge of the policy.  (*E.g.*, ECF No. 17-1 at 2.)  In reply, Plaintiff notes Defendant does not deny the policy attached to Ms. Frost's declaration is a true and

1  correct copy and further argues Ms. Frost properly authenticated the policy under the evidentiary
2  standard at summary judgment. (*E.g.*, ECF No. 18-1 at 2–3.)

3  Affidavits and declarations submitted in support of a motion for summary judgment must
4  be made on personal knowledge. Fed. R. Civ. P. 56(c)(4). "Personal knowledge can be *inferred*
5  from a declarant's position within a company or business." *Edwards v. Toys "R" Us*, 527 F.
6  Supp. 2d 1197, 1201 (C.D. Cal. 2007) (emphasis added). Put differently, "[p]ersonal knowledge
7  may be demonstrated by showing that the facts stated 'reasonably' fall within the 'sphere of
8  responsibility' of the affiant as a corporate employee." *Cutting Underwater Techs. USA, Inc., v.
9  Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (citing *DirectTV, Inc., v. Budden*, 420
10 F.3d 521, 530 (5th Cir. 2005); *Rutledge v. Liab. Ins. Indus.*, 487 F. Supp. 5, 7 (W.D. La. 1979)
11 ("An official title alone is enough to indicate the basis of personal knowledge . . . .")).
12 Documents attached to a declaration must be authenticated by that declaration. *See Can. v.
13 Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987). Evidence may be authenticated by
14 testimony of a witness with knowledge that an item is what it is claimed to be. Fed. R. Evid.
15 901(b)(1).

16 Ms. Frost states she is employed by Plaintiff as a claim professional. (ECF No. 16 ¶ 1.)
17 In that capacity, she states she is responsible for handling Defendant's claim for defense and
18 indemnification against the underlying state court action. (*Id.* at ¶ 3.) Ms. Frost states
19 Defendant's claim arises under the policy attached to her declaration. (*Id.*) Ms. Frost describes
20 the history of the claim. (*Id.* at ¶¶ 5–10.) Attached to her declaration are letters, largely written
21 by Ms. Frost, that were sent to Defendant and Thrash discussing the policy. (*Id.* at ¶¶ 5–10; *id* at
22 172–185, 196–203, 206–211, 214–221.) From this, the Court can infer Ms. Frost's position and
23 involvement in managing Defendant's claim establishes the requisite personal knowledge with
24 which to authenticate the policy.

25 Defendant cites *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550–
26 51 (9th Cir. 1988) for the proposition that Ms. Frost must establish "she has personal knowledge,
27 or that she is competent to state, that the policy attached is a true and correct copy of <u>what was
28 sold to [Defendant]</u>." (*E.g.*, ECF No. 17-1 at 2 (emphasis in original).) In *Hal Roach Studios*, the

6

Ninth Circuit reversed a grant of summary judgment in part for lack of personal knowledge of one of the movant's declarants. 896 F.2d at 1551. To establish it had an ownership interest in the film rights at issue, Hal Roach Studios submitted a copy of a registration statement purportedly filed with the Securities and Exchange Commission as an attachment to the declaration of its counsel before the district court. *Id.* The Ninth Circuit held the district court erred in relying on the attached registration statement because the declarant attorney failed to explain in his declaration whether he prepared and filed the statement or where the statement came from. *Id.* Here, in contrast, Ms. Frost adequately explained her familiarity with the policy, and the Court can infer how her role within Plaintiff's company provides the basis for her knowledge that the policy is what it purports to be. Therefore, the Court overrules Defendant's objections to the admissibility of the policy.

  C.  <u>Auto Exclusion</u>

  Plaintiff argues it does not owe Defendant a duty to defend or indemnify because Kellam seeks damages for bodily injury caused by a motor vehicle, which is expressly excluded under the policy. (ECF No. 9-1 at 15.) Defendant contends the conflict created by Kellam's complaint — which alleges Thrash is an employee or agent of Defendant — and Defendant's declaration — which states Thrash was not acting in the course and scope of her employment at the time of the accident — creates a genuine dispute as to whether the auto exclusion would apply. (ECF No. 17 at 13.) Further, Defendant argues the additional titles Kellam attributed to Thrash in the Proposed FAC impose a duty to defend on Plaintiff.[4] (*Id.* at 14.) In reply, Plaintiff contends the auto exclusion is broad enough to apply to individuals other than insureds, including the additional capacities that may be alleged against Thrash in the Proposed FAC. (ECF No. 18 at 10–12.)

  Under California law, an insurer has a duty to defend an insured if the insurer "becomes aware of, or the third party lawsuit pleads, facts giving rise to the potential for coverage under the

---

[4]  The Proposed FAC alleges "THRASH is, and at all times herein mentioned was an agent and/or joint venturer, partner, affiliate, member, shareholder, employee, licensee, collaborator, shareholder, investor, owner, member, employee, joint venturer, cohort, ally, colleague, shareholder, contractor, affiliate, and operator with, of, or by Defendant URIEL and the VAL NAP BAR & PUB." (ECF No. 17-3 at 11.)

7

insuring agreement." *Waller v. Truck Ins. Exchange*, 11 Cal. 4th 1, 19 (1995). "The absence of a duty to defend is established when the insurer shows that the underlying claim could not come within the policy coverage by virtue of the scope of the insuring clause or the breadth of an exclusion." *Total Call Internat. Inc. v. Peerless Ins. Co.*, 181 Cal. App. 4th 161, 167 (2010) (quoting *Montrose Chemical Corp. v. Superior Court*, 6 Cal 4th 287, 301 (1993)) (internal quotation marks omitted). The interpretation of insurance policies is a matter of law. *Cross v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:19-CV-00787-KJM-DB, 2019 WL 6496838, at *6 (E.D. Cal. Dec. 3, 2019); *Waller*, 11 Cal. 4th at 18. There is no duty to indemnify where there is no duty to defend. *Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal. 4th 945, 961 (2001).

In the policy, Plaintiff promises to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (ECF No. 16 at 25.) The policy defines the scope of the duty to defend in relation to what damages the underlying action is "seeking." (*Id.* ("We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.").)

The policy excludes bodily injury or property damage caused by an insured, agent of an insured, or an independent contractor performing services for any insured while using an "auto." (*Id.* at 25, 60.) Defendant asserts Thrash is an insured only if she was an employee at the time of the accident. (ECF No. 17 at 13.) The underlying complaint alleges Thrash "is, and at all time herein mentioned was, employed by [Defendant] at . . . Val Nap Bar," and "was acting within the course and scope" of her "agency or employment" relationship with Defendant. (ECF No. 16 at 143.) While operating in the scope of her employment, Thrash allegedly struck Kellam with Thrash's automobile. *Id.* at 144. The underlying action seeks damages from Defendant for the use of an auto by his employee, acting in the scope of her employment. (*Id.* at 143–44.)[5]

---

[5] Defendant does not dispute that Thrash's vehicle fit the definition of "auto" under the policy. (*See* ECF No. 17 at 13–14.)

Because — according to Defendant — Thrash is only an insured if she was an employee (ECF No. 17 at 13), and the underlying complaint alleges she was an employee (ECF No. 16 at 143–44), for the purposes of what damages the underlying action is "seeking" (ECF No. 16 at 25), Thrash is an insured. Therefore, the underlying action is seeking damages for an incident involving the use of an auto by an insured, rendering the action outside the scope of Plaintiff's duty to defend as defined in the policy.

Defendant argues resolution of Plaintiff's motion requires a determination of whether Thrash was an insured under the policy. (ECF No. 17 at 13.) Because the policy defines the scope of Plaintiff's duty to defend Defendant based on what the underlying action is seeking, it does not matter whether Thrash was actually an insured under the policy or whether she was actually acting in the scope of her employment for Defendant at the time of the accident. As stated, the plain language of the policy defines the scope of Plaintiff's obligation to defend Defendant based on the damages the underlying action seeks. If the sought-after damages in the underlying action are for conduct not covered by the policy, Plaintiff has no obligation to defend Defendant against the action. All the damages Kellam seeks require an employment or agency relationship between Thrash and Defendant. Therefore, the auto exclusion precludes coverage for Defendant regardless of whether Thrash was an insured.

The additional capacities alleged in the Proposed FAC — assuming for the sake of argument the Proposed FAC is both admissible and filed as Plaintiff offered it in his opposition — do not change the facts underlying the claim and therefore do not change the analysis.[6] Kellam names Defendant in the Proposed FAC on a respondeat superior theory of liability, as she does in the complaint submitted by Plaintiff. (ECF No. 17-3 at 13–14); *see also Kish v. Cal. State Auto. Ass'n*, 190 Cal. 246, 251 (1922) ("[T]o recover against an employer upon the theory of respondeat superior, it is necessary for the plaintiff to establish . . . (1) the status of master and

---

[6] Therefore, the Court does not consider Plaintiff's objections to the form and admissibility of the Proposed FAC or the declaration to which it's attached. (ECF No. 18-2 at 4); *see Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1122–24 (E.D. Cal. 2006) (ruling only on those evidentiary objections as to evidence on which the court relied).

9

servant, and (2) that the act was done within the scope of the servant's employment."); Cal. Civ. Code § 2338 (describing the negligent actor as the "agent" of the principal). Thus, whatever title Kellam labels Thrash in the Proposed FAC is not particularly relevant. What matters is that the Proposed FAC alleges Defendant controlled Thrash's activities, whether as an employer over an employee, principal over an agent, or some other articulation of the requisite power dynamic. *See Flores v. Brown*, 39 Cal. 2d 622, 628 (1952) ("[T]he determinative issue is whether or not the alleged principal controlled or had the legal right to control activities of the alleged agent."). As the California Civil Code and California case law use the word "agent" to describe this relationship of control, it is not clear to the Court why the insurance agreement's use of the same term in the exclusion would not encompass the same relationship. In other words, the Proposed FAC still seeks damages for an agency relationship between Defendant and Thrash for bodily injury caused by the use of an automobile, which is excluded under the policy. The addition of labels used in the Proposed FAC do not change that theory.[7]

Therefore, Plaintiff owes Defendant no duty to defend against Kellam's claim in the Superior Court action because Kellam seeks bodily injury damages against Defendant for the use of an automobile by Defendant's agent. Such damages are excluded under the policy by the auto exclusion. Because Plaintiff has no duty to defend Defendant, Plaintiff has no duty to indemnify Defendant. *See Certain Underwriters at Lloyd's of London*, 24 Cal. 4th at 961. Accordingly, the Court does not reach the parties' arguments over the scope of coverage under the policy or the significance of the location of the Thrash-Kellam accident.

///

---

[7] Defendant also argues Plaintiff failed to carry its burden by failing to negate the hypothetical existence of an insured contract between Defendant and Thrash, which may have been covered by the policy. (ECF No. 17 at 14–15.) However, even if such a contract existed, Defendant does not explain why an insured contract would not be subject to the explicit auto exclusion in the policy. Furthermore, if Defendant has evidence of such a contract sufficient to create a genuine dispute as to coverage under the policy, he should have presented it in opposition to Plaintiff's motion or explained why, due to the early timing of Plaintiff's motion, Defendant has yet to obtain such evidence. *See* Fed. R. Civ. P. 56(c) (requiring a party to support factual positions by citing evidence in the record); Fed. R. Civ. P. 56(d) (permitting time for additional discovery).

D.     Additional Time to Conduct Discovery

Defendant requests additional time to conduct discovery under Rule 56(d). (ECF No. 17 at 15–16.) In a declaration supporting this request, Mr. Mannion states he is interested in conducting discovery to explore the "peculiar" language of the premises coverage through drafting history evidence from the Insurance Services' Office, underwriters and agents involved in creating the policy, and Plaintiff's claims employees. (ECF No. 17-5 at 1–2.) Plaintiff opposes Defendant's request, arguing Defendant has not explained what specific facts further discovery would reveal or how those facts would defeat summary judgment. (ECF No. 18-3.)

Under Rule 56(d), a nonmovant may show by affidavit or declaration the reasons it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). With such a showing the Court may defer consideration of the motion or deny it, allow time for discovery, or issue any other appropriate order. *Id.* The rule prevents the nonmoving party from being "railroaded" by an early summary judgment motion. *Celotex Corp.*, 477 U.S. at 326. The nonmovant must show the following: (1) facts indicating a likelihood that controverting evidence exists as to a material fact; and (2) an explanation of how those facts will suffice to defeat the moving party's pending motion. *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1100–01 (9th Cir. 2006).

Mr. Mannion's declaration does not indicate there is a likelihood any of the sources of information regarding the drafting history of the policy actually possess information favorable to him. More importantly, Mr. Mannion does not explain how the drafting information he seeks would change the Court's analysis. California law requires the mutual intent of the parties entering into an insurance agreement "to be inferred, if possible, solely from the written provisions of the contract." *Waller*, 11 Cal. 4th at 18 (citing Cal. Civ. Code § 1639). Judicial interpretation is controlled by the "clear and explicit meaning" of the policy provisions, "interpreted in their 'ordinary and popular sense.'" *Id.* (quoting Cal. Civ. Code § 1644). Mr. Mannion has not identified how the auto exclusion is ambiguous, permitting the admission of extrinsic evidence as to the parties' intent. Therefore, the Court DENIES Defendant's Rule 56(d) request.

///

Therefore, because the policy's auto exclusion precludes coverage of the type of action brought by Kellam in Solano County Superior Court and Mr. Mannion does not adequately explain why discovery is necessary to resolve an ambiguity in the auto exclusion the Court GRANTS Plaintiff's motion for partial summary judgment on its declaratory relief causes of action.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Partial Summary Judgment.  (ECF No. 9.)  The parties are ORDERED to file an Amended Rule 26(f) Joint Report not later than thirty (30) days after the electronic filing date of this Order.

IT IS SO ORDERED.

DATED: January 10, 2022

Troy L. Nunley
United States District Judge