UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, an Iowa corporation,<br><br>        Plaintiff,<br><br>      v.<br><br>URIEL GUERRERO PIZANO, an individual doing business as VAL-NAP BAR & PUB, a California resident; and SHAWN THRASH, an individual and California resident,<br><br>        Defendants. | No. 2:19-CV-01198-TLN-JDP<br><br>**AMENDED** PRETRIAL SCHEDULING ORDER |

After reviewing the parties' Joint Status Report, the Court hereby amends the Pretrial Scheduling Order.

I.     SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III.     JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332. Venue is not disputed.

1

IV. DISCOVERY

All discovery, with the exception of expert discovery, shall be completed by **November 10, 2022.** In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

Any request to deviate from the Federal Rules of Civil Procedure should be made to the assigned Magistrate Judge.

V. DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **January 12, 2023.**[1] The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously

---

[1] The discovery of experts will include whether any motions based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999) are anticipated.

2

disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.

Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

VI.   SUPPLEMENTAL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(e), the parties shall exchange any supplemental disclosures and responses (including expert supplemental materials) no later than thirty (30) days prior to the dispositive motion hearing date. Any supplemental disclosures and responses necessary after that date will require leave of Court good cause having been shown.

VII.   MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **May 18, 2023.**

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

(a) The opposition and reply must be filed by 4:00 p.m. on the day due; and

(b) When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed

4

on the last court day immediately preceding the legal holiday.

Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion[2] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence. The Court will look with disfavor upon dispositional motions presented in the guise of motions in limine.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

### VIII. TRIAL SETTING

The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling(s) on the last filed dispositive motion(s).  If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later than one hundred twenty (120) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

The parties are to set forth in their Notice of Trial Readiness, the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference.  The parties' Notice of Trial Readiness Statement shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments.  The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury.

After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth dates for a Final Pretrial Conference and Trial.

### IX.   SETTLEMENT CONFERENCE

The parties may request a settlement conference prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of the case.  In the event a settlement

1  conference date is requested, the parties shall file said request
2  jointly, in writing.  The request must state whether the parties
3  waive disqualification, pursuant to Local Rule 270(b), before a
4  settlement judgment can be assigned to the case.  Absent the
5  parties' affirmatively requesting that the assigned Judge or
6  Magistrate Judge participate in the settlement conference AND
7  waiver, pursuant to Local Rule 270(b), a settlement judge will be
8  randomly assigned to the case.
9     In the event a settlement conference is set by the Court,
10 counsel are instructed to have a principal with full settlement
11 authority present at the Settlement Conference or to be fully
12 authorized to settle the matter on any terms.  At least seven (7)
13 calendar days before the settlement conference, counsel for each
14 party shall submit to the chambers of the settlement judge a
15 confidential Settlement Conference Statement.  Such statements
16 are neither to be filed with the Clerk nor served on opposing
17 counsel.  Each party, however, shall serve notice on all other
18 parties that the statement has been submitted.  If the settlement
19 judge is not the trial judge, the Settlement Conference Statement
20 shall not be disclosed to the trial judge.
21     X.    COURTESY COPIES
22    No party shall submit paper courtesy copies of pleadings or
23 exhibits to the Court unless expressly ordered to do so.
24     XI.   VOLUNTARY DISPUTE RESOLUTION PROGRAM
25     Pursuant to Local Rule 271, parties may stipulate at any
26 stage in the proceedings to refer the action, in whole or in
27 part, to the Voluntary Dispute Resolution Program.
28 ///

XII. <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**. Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

XIII. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within fourteen (14) days of service of this Order.

IT IS SO ORDERED.

DATED: February 11, 2022

Troy L. Nunley
United States District Judge