UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>URIEL GUERRERO PIZANO,<br><br>          Defendant. | No. 2:19-cv-01198-TLN-JDP<br><br>**ORDER** |

      This matter is before the Court on Plaintiff Northfield Insurance Company's ("Plaintiff") Motion for Summary Judgment.  (ECF No. 29.)  Defendant Uriel Guerrero Pizano ("Pizano") filed an opposition.  (ECF No. 33.)  Plaintiff filed a reply.  (ECF No. 35.)  For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///
///
///
///
///
///
///

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff issued Commercial Insurance Policy No. WS354101 to Pizano, an individual dba Val-Nap Bar & Pub, for the period July 13, 2018, to July 13, 2019. (ECF No. 33-1 at 2.) The insuring agreement of the policy provides,

> [Plaintiff] will pay those sums that the insured becomes legally obligated to pay as damages . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages . . . to which this insurance does not apply.

On March 13, 2019, Diane Kellam filed a complaint against Shawn Thrash ("Thrash") and Pizano for a motor vehicle personal injury in the matter entitled *Kellam v. Thrash*, Solano County case No. FCS052507 (the "Underlying Action"). (*Id.* at 3.) On April 24, 2019, Pizano, through his agent, tendered his defense and indemnity to Plaintiff. (*Id.*) On May 22, 2019, Plaintiff accepted the defense of Pizano subject to a reservation of rights and agreed to provide Pizano with independent counsel. (*Id.*) At that time, Pizano had already retained Wendy Gibson of Gibson Law Offices. (*Id.*) Pizano chose Ms. Gibson to continue to represent him until June 25, 2019, when Pizano waived his right to independent counsel. (*Id.* at 4.) Plaintiff then appointed the Bledsoe firm to defend Pizano after he waived his right to independent counsel. (*Id.*) On June 27, 2019, Plaintiff issued a supplemental reservation of rights that stated,

> We are providing you with a defense for the entire lawsuit under the Commercial General Liability Coverage Form of the policy; however, we are further reserving our rights to later withdraw from the defense of this action at any time and seek reimbursement of defense costs incurred in the defense of any claims or causes of action which are determined not to be covered under the policy. [Plaintiff] also reserves its reimbursement rights under California law.

Plaintiff filed the instant action on June 28, 2019, alleging claims for: (1) a declaratory judgment that it had no duty to defend Pizano; (2) a declaratory judgment that it had no duty to indemnify Pizano; and (3) reimbursement of defense fees paid. (ECF No. 1.) On September 5, 2019, Plaintiff filed a motion for partial summary judgment on its first and second claims. (ECF

---

[1] The following facts are undisputed unless otherwise noted.

2

1  No. 9.)  On January 11, 2022, the Court granted Plaintiff's motion and held that Plaintiff owed
2  neither a duty to defend nor a duty to indemnify Pizano in the Underlying Action.  (ECF No. 24.)
3  Plaintiff subsequently withdrew from Pizano's defense and, on August 19, 2022, filed the instant
4  motion for summary judgment as to its sole remaining claim for reimbursement of defense fees
5  paid.  (ECF No. 29.)

## II.   STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id*. at 324 (internal quotation marks omitted).  Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c).  The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that

3

1  the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for
2  the nonmoving party. *Id.* at 251–52.

3        In the endeavor to establish the existence of a factual dispute, the opposing party need not
4  establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
5  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
6  trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is
7  to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for
8  trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted).

9        In resolving the summary judgment motion, the court examines the pleadings, depositions,
10  answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed.
11  R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence
12  of the opposing party is to be believed and all reasonable inferences that may be drawn from the
13  facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S.
14  at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
15  obligation to produce a factual predicate from which the inference may be drawn. *Richards v.*
16  *Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir.
17  1987). To demonstrate a genuine issue that necessitates a trial, the opposing party "must do more
18  than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*
19  *Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational
20  trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

21        **III.**    **ANALYSIS**

22        Plaintiff argues it is entitled to summary judgment on its claim for equitable
23  reimbursement in the amount of $300,508.88, which Plaintiff asserts is the total amount of
24  expenses it incurred defending Pizano in the Underlying Action. (ECF No. 29 at 2.)

25        "[A]n insurer, having reserved its right to do so, may obtain reimbursement of defense
26  costs which, in hindsight, it never owed." *Scottsdale Ins. Co. v. MV Trans.*, 36 Cal. 4th 643, 657
27  (2005). "Accordingly, . . . an insurer under a standard [commercial general liability] policy,
28  having properly reserved its rights, may advance sums to defend its insured against a third-party

4

lawsuit, and may thereafter recoup such costs from the insured if it is determined, as a matter of law, that no duty to defend ever arose. . .." *Id.* at 662.

In the instant case, the Court found as a matter of law that Plaintiff had no duty to defend or indemnify Pizano in the Underlying Action. (ECF No. 24.) It is undisputed that, prior to the Court's finding and Plaintiff's withdrawal, Plaintiff provided Pizano's defense in the Underlying Action subject to a reservation of rights to seek reimbursement of the defense fees and costs it paid. (ECF No. 33-1 at 3.) The only dispute seems to be over the amount Plaintiff paid for Pizano's defense.

Although Pizano broadly objects to all of Plaintiff's evidence concerning the amount paid, Pizano does not raise specific arguments as to any evidence other than Exhibits 6 and 8, which are invoices from the law firms that represented Plaintiff in the Underlying Action. (*See* ECF No. 33-1 at 6–7; ECF No. 33-2.) Pizano argues Exhibits 6 and 8 are not authenticated, lack foundation, and are impermissible hearsay. (ECF No. 33 at 2.) In reply, Plaintiff contends Exhibits 6 and 8 would be admissible at trial and the remaining evidence is sufficient to establish its payments for Pizano's defense. (ECF No. 35 at 6.)

For a motion for summary judgment, "a party does not necessarily have to produce evidence in a form that would be admissible at trial." *See Block v. City of L.A.*, 253 F.3d 410, 418–19 (9th Cir. 2001). "Rule 56(c) requires only that evidence 'would be admissible,' not that it presently be admissible." *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006).

The Court finds the contents in Exhibits 6 and 8 may be admissible in another form at trial. For example, the contents of those exhibits may fall under a hearsay exception under Federal Rules of Evidence 803, such as the business records exception. Further, the exhibits could be properly authenticated at trial. It also bears mentioning that Pizano has not given the Court any specific reason to doubt the authenticity of Exhibits 6 and 8.

Even without considering Exhibits 6 and 8, however, the remaining evidence is sufficient to show the amount paid for Pizano's defense. Plaintiff provides the declaration of its Claim Adjuster, Thomas Still. (ECF No. 29-2.) Mr. Still states he was responsible for handling the

5

defense of Pizano in the Underlying Action. (*Id.* at 2.) Mr. Still states Plaintiff "agreed to pay and did pay the Gibson Firm $2,368.00 on August 29, 2019, by check no. 47609, for its defense of Pizano." (*Id.* at 3.) Mr. Still indicates a true and correct copy of Plaintiff's check evidencing payment to the Gibson Firm is submitted as Exhibit 7. (*Id.*) Mr. Still also states Plaintiff "agreed to pay and did pay the Bledsoe Firm and its vendors $298,140.88 for its defense of Pizano." (*Id.*) Mr. Still lists the check numbers and amounts, and he also indicates that copies of the checks are attached as Exhibit 9. (*Id.* at 3–5.)

The Court concludes Mr. Still adequately explained his familiarity with the payments issued for Pizano's defense in the Underlying Action, and the Court can infer how Mr. Still's role within Plaintiff's company provides the basis for his knowledge. *See Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1201 (C.D. Cal. 2007) ("Personal knowledge can be inferred from a declarant's position within a company or business."). Notably, Pizano does not provide any evidence to rebut Plaintiff's evidence. For these reasons, even without considering Exhibits 6 and 8, the Court finds Plaintiff's evidence is sufficient to show that it paid $300,508.88 for Pizano's defense in the Underlying Action.

Pizano next argues there is no evidence the amount paid for his defense was customary and reasonable. (*Id.*) The only authority Pizano cites for the proposition that Plaintiff must make such a showing is *Save Our Uniquely Rural Cmty. Env't v. Cnty. of San Bernardino*, 235 Cal. App. 4th 1179, 1186 (2015). Pizano fails to develop this argument in any meaningful way. As Plaintiff correctly points out, *Save Our Uniquely Rural Cmty. Env't* focused exclusively on an award of attorney's fees under California Code of Civil Procedure § 1021.5. The instant matter is not before the Court on a motion for attorney's fees and is factually distinct from *Save Our Uniquely Rural Cmty. Env't*. Absent argument or authority to the contrary, Pizano fails to persuade the Court that Plaintiff is required to show the defense fees and costs were customary and reasonable to be entitled to reimbursement.

Lastly, Pizano argues summary judgment should be denied because Plaintiff fails to address any of the 28 affirmative defenses alleged in the Answer. (ECF No. 33 at 2.) Pizano does not specifically address any of his 28 affirmative defenses, nor does he provide any evidence

to support those defenses.  Rather, Pizano seems to argue that Plaintiff must preemptively refute every affirmative defense.  Pizano's argument is unsupported and runs afoul of well-established authority confirming that Pizano may not rest on his pleading and must provide evidence showing there is a genuine dispute of material fact.  *See Celotex*, 477 U.S. at 324 (Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"); *see also McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) ("A plaintiff moving for summary judgment is not obligated to negate affirmative defenses, but an affirmative defense will negate summary judgment where each element of the affirmative defense is supported by summary judgment evidence."), *aff'd*, 637 F.3d 939 (9th Cir. 2011).

Accordingly, the Court finds Plaintiff is entitled to reimbursement of all fees and costs it paid in Pizano's defense in the Underlying Action, in the total amount of $300,508.88.

### IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment.  (ECF No. 29.)  The Clerk of Court is directed to enter judgment in Plaintiff's favor and close the case.

IT IS SO ORDERED.

Date: June 20, 2023

Troy L. Nunley
United States District Judge